GRIFFIS, P.J.,
dissenting:
¶17. I find reversible error. Therefore, 1 respectfully dissent from the majority’s decision. ' .
¶ 18.... TJie question here .is whether Deneka Tinner was entitled to unemployment benefits. This ease is governed by City of Clarksdale v. Mississippi Employment Security Commission, 699 So.2d 578 (Miss.1997). The City of Clarksdale hired Theodore Hawkins as a police officer. Id. at 578 (¶ 2). When Hawkins failed to obtain his law enforcement certification, the City terminated him. Id. at 578-79 (¶ 2). Hawkins applied, for unemployment compensation and the Mississippi Employment Security Commission’s claims examiner granted ,him benefits. Id. at 579 (¶3). The City appealed. The appeals referee and the board of review agreed with the claims examiner’s findings. Id. at (¶5). *743 The City then appealed to the to the circuit court, which affirmed the board of review’s decision. Id. at (¶ 6).
¶ 19. On appeal to the supreme court, the case was reversed, and Hawkins was denied benefits. Id. at 588 (¶ 26). The supreme court recognized that Hawkins’s employment was subject to his ability to become certified as a law-enforcement officer, which was required by Mississippi Code Annotated section 45-6-11 (Rev. 1993). Id, at 579 (¶8). Hawkins did not obtain the minimum physical training standard, and he was not certified as a law-enforcement officer. Id, The supreme court considered the definition of “misconduct,” which the majority dites in this case. Yet the supreme court found that “Hawkins failed to meet a condition precedent to employment that was in his control. Thus, his actions constitute misconduct as the statute and this Court [have] defined the term. It is the intent' of the unemployment laws to' benefit only those' persons who are involuntarily unemployed through no fault of their own.” Id. at 582 (1122); The supreme court ruled:
All police officers, are required to be certified as being qualified by the laws of the State of Mississippi in order to remain employed after a year. Section 45-6-ll(3)(a) (1993) of the Miss.Code Ann. reads in pertinent part as follows: “No person shall be employed as a law-enforcement officer by any law. enforcement unit for a period to exceed .one (1). year unless that person has - been certified as being qualified'under the provisions of subsection (4) of this section.” Clarksdale was required to dismiss Hawkins due to his failure to meet certain statutory requirements.
Id. at 582-83 (¶ 23).
¶20. Just as in City of Clarksdale, whether Tinner passed the defensive-tactics course was within her control; thus; her failure to do so was misconduct as a matter of law. “Employees]. should not be, responsible for unemployment benefits to individuals that were dismissed for failure to qualify for a position where the qualification is required by law.” Id, at 583 (¶ 26). I am of the opinion that Tin-ner’s actions constituted misconduct as a matter of law. I would reverse and render the circuit court’s judgment and hold that Tinner is not entitled to unemployment benefits. Therefore, I respectfully dissent.
ROBERTS AND MAXWELL, JJ., JOIN THIS OPINION.